[743 NYS2d 743]

In the Matter of MICHELLE P. FERGUSON, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, June 10, 2002

#### APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains (*Antonia Cipollone* of counsel), for petitioner.

*Marshall G. Kaplan,* Brooklyn, for respondent.

#### OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition containing 10

charges of professional misconduct. In her answer, she admitted in part, and denied in part, the factual allegations contained in the petition. Charge Six was subsequently amended, and the respondent stipulated to all of its factual allegations, as amended. After a hearing, the Special Referee sustained all of the charges. The petitioner moves to confirm the report of the Special Referee. The respondent opposes the motion and contends that the imposition of discipline is not warranted or should be limited to a public censure.

Charge One alleged that the respondent failed to maintain a duly-constituted escrow account, in violation of Code of Professional Responsibility DR 9-102 (d) (8) (22 NYCRR 1200.46 [d] [8]), by not maintaining required bookkeeping records for her escrow account. The respondent maintained an attorney escrow account at Fleet Bank. By letters dated December 2, 1998, June 2, 1999, August 13, 1999, December 21, 1999, and January 7, 2000, the respondent was directed to produce for inspection bookkeeping records that she was required to maintain for her attorney escrow account including, inter alia, duplicate deposit slips. The respondent did not furnish the petitioner with duplicate deposit slips.

Charge Two alleged that the respondent engaged in conduct adversely reflecting on her fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), by failing to safeguard funds entrusted to her. During the period between 1997 and 1998, the bank imposed approximately $400 in charges on the respondent's escrow account. The respondent did not maintain adequate funds in the account to cover the bank charges, despite receiving notice of such charges on the monthly statements provided by the bank. The respondent failed to take timely corrective action, and the bank charges were imposed against funds that she was required to hold on behalf of others.

Charge Three alleged that the respondent engaged in conduct adversely reflecting on her fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), by failing to ensure that funds were available in her escrow account before drawing against them. The respondent disbursed check number 1180 dated May 30, 1998, in the amount of $750 from her escrow account to D&S Brokerage on behalf of Royal Star Farm, Inc. The balance in her escrow account on that date was $497.73. The respondent failed to ensure that she had adequate funds on deposit before issuing the check.

Charge Four alleged that the respondent engaged in conduct adversely reflecting on her fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), by failing to safeguard funds entrusted to her. The escrow account balance was depleted to less than the amount the respondent was required to hold and had a negative balance on June 15, 1998.

Charge Five alleged that the respondent engaged in conduct adversely reflecting on her fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), by failing to ensure that funds were available in her escrow account before drawing against them. The respondent disbursed check number 51786 dated October 30, 1998, in the amount of $8,000 from her escrow account to Sargon/Phoenix Enterprises, LLC. The balance in her escrow account on that date was $61.49. The respondent failed to ensure that she had adequate funds on deposit before issuing the check.

Charge Six, as amended, alleged that the respondent engaged in conduct adversely reflecting on her fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), by failing to safeguard funds entrusted to her. The escrow account balance was depleted to less than the amount the respondent was required to hold and had a negative balance on November 2, 1998.

Charge Seven alleged that the respondent engaged in conduct adversely reflecting on her fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), by failing to maintain a duly-constituted escrow account. The respondent disbursed check number 1195 dated October 19, 1998, in the amount of $200, to Ed Campbell for a nonescrow related purpose.

Charge Eight alleged that the respondent engaged in conduct adversely reflecting on her fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), by failing to safeguard funds entrusted to her. The escrow account balance was depleted to less than the amount the respondent was required to hold and had a negative balance on October 26, 1998.

Charge Nine alleged that the respondent engaged in conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]), by failing to reregister as an attorney with the

Office of Court Administration. Judiciary Law § 468-a (1) requires any attorney admitted to practice law in this state to file a biennial registration statement with the Office of Court Administration and pay a $300 fee, except if he or she is retired. Judiciary Law § 468-a (5) states that noncompliance shall constitute conduct prejudicial to the administration of justice. Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 has provisions similar to Judiciary Law § 468-a. The respondent was required to pay her biennial attorney registration fee in September 1998 for the biennial period 1998-1999, but has not done so.

Charge Ten alleged that the respondent engaged in conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]), by failing to reregister as an attorney with the Office of Court Administration. The respondent was required to pay her biennial registration fee in September 2000 for the biennial period 2000-2001, but has not done so.

Based on the evidence adduced at the hearing, including the respondent's admissions, the Special Referee properly sustained all 10 charges against her.

In determining the appropriate measure of discipline to impose, the respondent asks the Court to consider the following: Although denominated as an escrow account, the account was maintained solely as an accommodation to Glen McCarthy, her benefactor, to effectuate his bankruptcy reorganization. The respondent admits that she could have managed the account better and that, at times, the balance fell below the amount she was required to hold. However, she contends that the sums involved were of no great significance and that the money was not in her personal possession. Moreover, she has never maintained an office for the practice of law, she does not have any clients or charge fees, she has not benefitted in any way from maintaining the account in question, and no one complained or suffered any damage as a result of her misconduct.

The respondent has no prior disciplinary history.

Under the totality of the circumstances, the respondent is censured for her professional misconduct.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and SCHMIDT, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Michelle P. Ferguson, is censured for her professional misconduct.